Chancellor Rutledge
delivered the decree of the Court.
William Branford and Elizabeth his wife, by deeds of lease and release, conveyed to certain persons, a lot of land in trust for the use and benefit of the said William and Elizabeth, during their joint lives, and after the death of either of them, to the use of the survivor, during the natural life of such survivor; and after the death of the survivor, to the joint use and behoof of their daughters Elizabeth and Ann Branford, their heirs and assigns, in case they the said Elizabeth and Ann should both be living at. the death of the survivor of them the said William and Elizabeth, but in case either of them the said Elizabeth and Ann should die before the survivor of them the said William and Elizabeth, then at the decease of the survivor of them the said William and Elizabeth, to the ■inly use and behoof of the survivor of them the said Eliza- *125 bcth and Ann, at the decease of the survivor of them the said William and Elizabeth, and to the heirs and assigns of such survivor of the said Elizabeth and Ann for ever.
William Branford died many years ago. Elizabeth the daughter married, had issue the complainants, and died. Elizabeth the wife of Wm. Branford, and mother of Elizabeth, survived her daughter, and died lately. Ann the other daughter, survived her mother, and is still living.
For complainants it was contended that they are entitled to a moiety of the land in question. That the same rules are to be observed in the construction of* trust estates as in wills, and that in decreeing of marriage articles or settlements, the court will regard the end and consideration of settlements, and will go so far as to supply words that have been omitted to effectuate the intention of the parties, and will construe marriage articles against the words, for the salce of the intent. That in the present . case, the intent of the parties was to give to each of the daughters and their issue, a moiety of the land settled.
It was insisted for the defendant, that the words of the deed were plain and unequivocal; that there was no ambiguity in the expression; and that the intention of the parties was manifest through the whole deed, and there was nothing contained in it to shew that the intention was different from the words. In support of the argument of the counsel on each side, an infinite number of cases on wills and marriage settlements were cited. Most of them have been reviewed and examined, and the general conclusion to be drawn from them is, that the intention of the parties is to prevail. The counsel have argued altogether from analogous cases; for there are none to be found in the boolcs which exactly tally with the present. The only question in this case, is whether the complainants as representing their mother are entitled under this deed to any part of the land Settled therein. Trusts being the creation of equity, and one of the peculiar branches of the jurisdiction of this court, they are viewed with a favorable eye. In marriage settlements, the most favorable exposi *126 tion will be made of words, to support the intention of the parties ; nay, even in voluntary settlements, if the words lean more strongly to one construction than the other, it will likewise prevail. It is however the intention ox the parties, appearing on the deed, that always governs the court in construction; not the arbitrary conjecture of the judge, though founded on the highest degree of probability ; for if once you wander in the wide field of conject, ure, it is impossible to say where the line will be drawn. No two cases would perhaps receive the same adjudication.
This cannot properly be called a marriage settlement, in which all the issue of the marriage generally are provided for, and consequently being considered as purchasers, the most liberal construction is always made ; but it is a voluntary settlement made by the parents some years after marriage, of a small portion of the mother’s estate for the joint benefit of the two children whom they then .had; in which from the very words of the deed the chance of sur-vivorship was actually contemplated.
It is only necessary to read the clause of the deed to determine the question; and nothing but the ingenuity of counsel could have raised a doubt. The trusts created, were for the benefit of the husband and wife during their joint lives, and the life of the longest liver of them, and after the death of the survivor, for the joint use of the daughters and their heirs; so that a joint estate only was given to them in the first instance, in case they should both be living at the death of the father or mother, but if either of them should die before such survivor of father or mother, then the estate is to go to the surviving daughter living at the death of the father or mother. It was insisted that the words without issue, ought to be inserted, in order to carry into effect the intention of the parties. How does it appear in any part of the deed to be their intention ? If the not inserting the words, without issue, is an omission, it is unfortunately in the most material part of the deed; but whatever e'emj ecturc might be made how *127 it happened, we cannot go out of the deed, but musttake it as it now appears. The words are plain & certain j a joint estate is given to the daughters in the first part of the deed which necessarily implies the benefit or chance of survi-vorship, and the latter clause of it gives the estate to the daughter who shall be living at the death of the father or .mother. Taking the whole of the deed therefore into consideration, and construing one part by another, we are of opinion that the complainants are not entitled to any part of the estate in question, and therefore that the bill must be dismissed, with costs; but that the whole thereof vested in the defendant’s wife, as the surviving daughter, agreeably to the express plain words of the deed, and the manifest intention of the parties thereto.